IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00176-CMA-KLM

ALPERN MYERS STUART LLC, a Colorado limited liability company,

    Plaintiff,

v.

HARTFORD CASUALTY INSURANCE COMPANY, an Indiana insurance company,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Amend Complaint** [Docket No. 20; Filed June 27, 2011] (the "Motion").  Plaintiff represents that Defendant opposes the Motion.[1]  The Scheduling Order [Docket No. 17] governing this case provides that the deadline for joinder of parties and amendment of pleadings was June 27, 2011.  *Scheduling Order* [#17] at 10 § 9(a).  Accordingly, Plaintiff's Motion is timely.

The Court has discretion to grant a party leave to amend its pleadings.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

---

[1] The Court is not required to wait for Defendant to file a response before resolving the Motion.  D.C.COLO.LCivR 7.1C ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").  Where, as here, the Court finds that Plaintiff has shown good cause for amending its Complaint, waiting for a response is unnecessary and inefficient.

party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend its complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the [proposed] amendment unfairly affects the defendants in terms of preparing their defense to [claims asserted in the] amendment." *Id.* (quotation omitted).

After carefully reviewing Plaintiff's original Complaint [Docket No. 2] and proposed Amended Complaint [Docket No. 19], the Court agrees with Plaintiff that "the subject matter of [the] requested amendment does not introduce new material significantly different than the gravamen of the" allegations contained in the original Complaint. *Motion* [#20] at 2. Accordingly, the Court finds that Defendant will not be prejudiced by allowing the filing of the Amended Complaint. Moreover, this case is still in its early stages, and Defendant has ample time to prepare its defenses. The deadline for the completion of discovery is still more than six months away, and the deadline for filing dispositive motions is February 20, 2012.

The Court also finds that Plaintiff has demonstrated good cause for amending its original Complaint [#2]. This Complaint is only five pages long, and it was drafted for filing in Colorado state court. It is eminently reasonable to allow Plaintiff to timely amend the Complaint so as to "better describe [its] claim[s]." *Motion* [#20] at 2. Permitting such amendment will benefit both parties and the Court by clarifying the issues in the case.

For the foregoing reasons, and considering that leave to amend should be freely given,

IT IS HEREBY **ORDERED** that the Clerk of the Court shall accept Plaintiff's Amended Complaint [#19] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendant shall answer or otherwise respond to the Amended Complaint on or before **July 25, 2011**.

DATED: June 30, 2011 at Denver, Colorado.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge