**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  11-cv-00176-CMA-KLM

ALPERN MYERS STUART LLC, a Colorado limited liability company,

     Plaintiff,

v.

HARTFORD CASUALTY INSURANCE COMPANY, an Indiana insurance corporation,

     Defendant.

---

## AMENDED PROTECTIVE ORDER

---

     Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, this Court, having reviewed the parties' Stipulated Motion for Amended Protective Order and being sufficiently advised, **GRANTS** the Motion and **ORDERS**:

     1.    This Order covers any and all trade secrets, non-public, private, confidential, proprietary and/or commercial information designated by any party's counsel as "Confidential."  This Order includes such materials produced before or after the date of this Order including references to such information contained in depositions or other documentation.

     2.    All Confidential Information produced or exchanged during the course of this litigation, whether done so pursuant to discovery, voluntarily, or by order of this Court, shall be used solely for the purpose of this litigation and for no other purpose, and shall not be disclosed to any person except in accordance with the terms hereof.

     3.    Confidential Information shall not be disclosed or made available by counsel for a receiving party to persons other than Qualified Persons.

4.     "Qualified Persons" as used herein, means:

    a.     The parties in this litigation and designated representatives of those parties;

    b.     Attorneys of record in this litigation, other attorneys for parties to this litigation, and regular employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

    c.     Independent third parties retained by attorneys of record in this litigation for the purpose of discovery, preparation for trial of this litigation, including experts and consultants retained in connection with this proceeding;

    d.     Any other person who is designated as a Qualified Person by stipulation of the parties or by Order of this Court, after notice to all parties;

    e.     Any witness being deposed by any party in this case, including experts or potential witnesses;

    f.     The Court and its employees ("Court Personnel"); and

    g.     Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action.

All "Qualified Persons" shall be advised of the confidential and proprietary nature of this Confidential Information and shall be subject to the terms and conditions of this Amended Protective Order.

5.     If any party's counsel wishes to use or inquire at any deposition concerning documents, material, or information designated as "Confidential," the portion of the deposition transcript that would disclose such documents, or information shall be designated by counsel as "Confidential" and subject to the confidentiality provisions thereof.  Such designation shall be made by counsel on the record during the deposition whenever possible, but a party's counsel may designate portions of depositions as "Confidential" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

6.     Documents or deposition testimony are designated as "Confidential" by counsel by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice:   "CONFIDENTIAL."   Additionally, certain documents disclosed by Plaintiff in this action are subject to a state court confidentiality order entered on May 11, 2010, in El Paso County, Colorado District Court, case number 2009-CV-6766, attached to this Order as Exhibit 1 (the "State Court Order").   Plaintiff is specifically ordered to disclose such documents as requested by Defendant and such documents designated as "Confidential" shall remain subject to the State Court Order and this Order.

7.     A party may object to the designation of particular "Confidential" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within fifteen (15) business days after the time the

notice is received, it shall be the obligation of the party designating the information to ~~file~~ *make* an appropriate motion *pursuant to MJ Mix's discovery procedures* requesting that the Court determine whether the disputed information should be subject to the terms of this Order.  If such a motion is timely ~~filed,~~ *made* the disputed information shall be treated as "Confidential" under the terms of this Order until the Court rules on the motion.  If the designating party fails to ~~file~~ *make* such a motion within the prescribed time, the disputed information shall lose its designation of "Confidential" and shall not thereafter be treated as "Confidential" in accordance with this Order.  In connection with a motion ~~filed~~ *made* under this provision, the party designating the information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential."

*KLM*

8.      All copies or reproductions of Confidential Information released in the course of discovery are to be treated as confidential and are subject to the provisions of this Amended Protective Order.

9.      Nothing herein shall prevent disclosure beyond the terms of this Order if each and every party consents in writing to such disclosure, or if this Court, after notice to all affected parties, orders that such disclosure be permitted.

10.     This Amended Protective Order is intended to regulate the handling of Confidential Information throughout the pretrial, trial, and post-trial periods of this matter, including after the conclusion of this litigation.  It shall remain in force and effect thereafter until modified, superseded, or terminated on the record by Order of the Court.

11.     At the conclusion of this litigation, or the settlement thereof, the parties' counsel shall return each and every document specifically marked "Confidential" that

4

they have received or made or which have been provided to others involved during this litigation or the parties may agree to the destruction of the documents marked "Confidential." This return of these documents shall occur within thirty (30) days of the conclusion of this case, or its settlement. Where the parties agree to destroy "Confidential" documents, the destroying party's counsel shall provide all parties' counsel with an affidavit confirming the destruction. Notwithstanding this provision, the attorneys for the parties may keep references to Confidential Information contained in their respective work product of the type normally maintained within the files of a law firm.

12.     Disclosure or release of any Confidential Information, whether done so voluntarily, through discovery, or by order of this Court, does not constitute a waiver of any releasing or disclosing party's right to object to the admission or use of such Confidential Information at a hearing or trial of this matter.

13.     This Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity to be heard.

Dated this 25ᵀ day of _October_____, 2011.


_____
United States District Court

**KRISTEN L. MIX**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

EXHIBIT 1

This document constitutes a ruling of the court and should be treated as such.

|  |  |
|---|---|
| **Court:** | CO El Paso County District Court 4th JD |
| **Judge:** | David S Prince |
| **File & Serve Transaction ID:** | 31042614 |
| **Current Date:** | May 11, 2010 |
| **Case Number:** | 2009CV6766 |
| **Case Name:** | ALPERN MYERS STUART LLC et al vs. AMERICAN NATIONAL BANK |

/s/ Judge David S Prince



**GRANTED** | Parties represented by counsel are directed to serve a copy of this order on any pro se parties within 5 days of the date of this order.

**David Prince**
**District Court Judge**
DATE OF ORDER INDICATED ON ATTACHMENT

~~Colorado Springs, CO 80903~~
(719) 448-7650

**Plaintiff/Counterclaim Defendant:**

ALPERN MYERS STUART LLC,
A Colorado limited liability company,

**Defendant/Counterclaimant/Third-Party Plaintiff:**

AMERICAN NATIONAL BANK,
a national banking association,

**Third-Party Defendants:**

HOWARD J. ALPERN, KENNETH P. MYERS, DAN D. STUART, ELIZABETH TORMOEN HICKEY, MATTHEW J. WERNER, VIRGINIA V. KOULTCHITZKA, and TRACY R. COOK, Individuals.

Case No: 09CV6766

Div.: 2 (Commercial)

*Attorneys for American National Bank*:
Kelly K. Robinson, #23367
Christian H. Hendrickson, #32225
Ryan J. Klein, #37013
Sherman & Howard L.L.C.
90 South Cascade Avenue, Suite 1500
Colorado Springs, Colorado 80903
Phone: (719) 475-1440
Fax:   (719) 635-4576
E-Mail: krobinson@shermanhoward.com;
        chendrickson@shermahoward.com;
        rklein@shermanhoward.com

## STIPULATED PROTECTIVE ORDER

Each Party through their Counsel of Record stipulate and move the Court to approve and enter this proposed Protective Order pursuant to Rule 26(c), C.R.C.P., concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

1.      In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional

Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions.  The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.  The Parties have entered into this Stipulation and request the Court to enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.      "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing trade secret, business, client, customer, or otherwise confidential or protected information.

3.      Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

      a.      By imprinting the word "Confidential" on the first page or cover of any document produced;

      b.      By imprinting the word "Confidential" next to or above any response to a discovery request;

      c.      With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony; and or

      d.      By otherwise marking "Confidential" or referencing, summarizing, or describing the information to be deemed confidential.

4.      All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

      a.      It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

      b.      It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5.      Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless required to do so by court order, as otherwise required by law, or as requested by any financial institution or holding company regulator having authority over such party or its affiliates.

6.      The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7.      During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the

3

source of the disclosure.  If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8.      No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9.      During the pendency of this litigation, the Parties or their counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10.     If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation.  All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute.  If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order.  Any motion for disclosure shall be filed within 14 days after counsel are unable to resolve the dispute of the objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

11.     Use of Confidential Information in Court Proceedings.  In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use.  Confidential Information and pleadings or briefs quoting or discussing Confidential Information will be filed with the Court "under seal" and for private access and will be accepted by the e-filing Clerks for filing "under seal" for private access pursuant to this Order, or otherwise kept out of the public record in this action.

4

LITIGATION\2420677.1

12.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14.     Within 30 days of the termination of this litigation, including any appeals, each Party's counsel shall destroy, return to the producing party, or otherwise securely file and store all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom.

15.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c), C.R.C.P., or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated this _____ day of May, 2010.

BY THE COURT:

_____

DAVID S. PRINCE
DISTRICT COURT JUDGE

**STIPULATED AND AGREED TO:**

 s/ Christian H. Hendrickson         
Kelly K Robinson, Esq.
Christian H. Hendrickson, Esq.
Sherman & Howard L.L.C.
90 South Cascade Avenue, Suite 1500
Colorado Springs, Colorado 80903
Phone: (719) 475-1440
Fax:  (719) 635.4576
E-mail:  krobinson@shermanhoward.com
        chendrickson@shermanhoward.com
*Counsel for Defendant/Counterclaimant*

 s/ Edward A. Gleason         
Edward A. Gleason, Esq.
Tamara F. Goodlette, Esq.
Rothgerber Johnson & Lyons LLP
90 South Cascade Avenue, Ste 1190
Colorado Springs, CO  80903
Phone:  (719) 386-3000
Fax:  (719) 386-3070
E-mail:  egleason@rothgerber.com;
tgoodlette@rothgerber.com
*Counsel for Plaintiff*

5

**EXHIBIT A**

**AFFIDAVIT**

STATE OF COLORADO    )
                            )    ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

1.      I have read the Protective Order entered in *Alpern Myers Stuart LLC v. American National Bank, et al.*, Case No. 09CV6766, a copy of which is attached to this Affidavit.

2.      I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3.      I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4.      For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.      I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____
Telephone No.: (_____)_____

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2010, by _____.

WITNESS my hand and official seal.

_____
Notary Public
[SEAL]              My Commission Expires: _____

6