IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00176-RBJ-KLM

ALPERN MYERS STUART LLC, a Colorado limited liability company,

    Plaintiff,

v.

HARTFORD CASUALTY INSURANCE COMPANY, an Indiana insurance company,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the parties' **Stipulated Motion to Amend Scheduling Order to Vacate Settlement Conference and to Stay Deadlines for Affirmative and Rebuttal Expert Disclosures, Written Discovery, and Discovery Cutoff Pending Resolution of Cross-Motions for Summary Judgment** [Docket No. 46; Filed October 31, 2011] (the "Motion").

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for

lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

The *String Cheese Incident* factors used in the Court's review include: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955 at *2 (citation omitted).

The parties assert that the "resolution of [the pending] cross-motions [for summary judgment] could well moot most, and perhaps all, of the issues in the case," and that, at a minimum, "there are multiple potential outcomes of the cross-motions that could expand or contract the number of experts and extent of disputed fact issues significantly." *See*

*Motion* [#46] at 2, 4.  Thus, the burden on Plaintiff and burden on Defendant in continuing with discovery while the summary judgment motions are pending weighs in favor of a stay under the first two *String Cheese Incident* factors.  Under the third *String Cheese Incident* factor, the convenience to the Court would also be advanced by granting a stay of discovery, because the "resolution of the cross-motions will simplify issues and avoid unnecessary disputes about discovery."  *See id.* at 4.  The parties aver that the fourth and fifth *String Cheese Incident* factors, i.e., interests of nonparties and the public, are inapplicable and thus should be considered as neutral factors.  *See id.* at 4.  The Court agrees.  Therefore, weighing these factors, the Court concludes that a stay of discovery is appropriate, pending the District Court's adjudication of the parties' Motions for Summary Judgment [#23, #25].

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.  Accordingly,

IT IS FURTHER **ORDERED** that all disclosure and discovery is **STAYED** pending resolution of the Motions for Summary Judgment [#23, #25].

IT IS FURTHER **ORDERED** that the Settlement Conference set for November 8, 2011, at 1:30 p.m. is **VACATED**.  If necessary, a new Settlement Conference will be set upon resolution of the Motions for Summary Judgment.

DATED: November 1, 2011 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge